IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WINSLOW B. ROBERTS,

    Petitioner,

vs.                              No. 06-2530-B/P

GLEN TURNER,

    Respondent.

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Petitioner Winslow B. Roberts, Tennessee Department of Correction prisoner number 128119, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed a _pro se_ petition pursuant to 28 U.S.C. § 2254 on August 17, 2006 (Docket Entry ("D.E.") 1) and paid the habeas filing fee. The Court issued an order on November 16, 2006 directing Respondent to file the state-court record and a response to the petition. (D.E. 2.) Respondent filed a motion to dismiss on February 15, 2007. (D.E. 7.) Petitioner has not responded to the motion to dismiss, and the time afforded for a response has expired.

I.  STATE COURT PROCEDURAL HISTORY

On or about October 14, 1999, Roberts was convicted after a jury trial in the Shelby County Criminal Court of two counts of especially aggravated kidnaping and two counts of aggravated robbery. He was sentenced to concurrent terms of twenty (20) years on each count of especially aggravated kidnaping and to concurrent terms of ten (10) years on each count of aggravated robbery. The trial court ordered that Roberts's sentences for aggravated robbery be served consecutively to his sentences for kidnaping, for an effective sentence of thirty (30) years. The Tennessee Court of Criminal Appeals affirmed. State v. Roberts, No. W2000-00141-CCA-R3-CD, 2001 WL 490718 (Tenn. Crim. App. May 9, 2001).

Roberts did not file any other challenge to his conviction or sentence.

II. PETITIONER'S FEDERAL HABEAS CLAIMS

In this federal habeas petition, Roberts raises the following issues:

1.  Whether his trial counsel rendered ineffective assistance, in violation of the Sixth Amendment;

2.  Whether his Fourteenth Amendment right to due process was violated by the introduction of perjured testimony; and

3.  Whether his conviction was obtained by violations of the Rules of Evidence and use of tainted and manufactured evidence.

2

III. <u>ANALYSIS OF THE MERITS</u>

Respondent has filed a motion to dismiss the petition as time barred. Twenty-eight U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. <u>Bronaugh v. Ohio</u>, 235 F.3d 280, 283

(6th Cir. 2000). The Tennessee Court of Criminal Appeals issued its decision on direct appeal on May 9, 2001, and any application for permission to appeal to the Tennessee Supreme Court was due sixty (60) days later, Tenn. R. App. P. 11(b), on July 9, 2001.[1] Because Roberts did not file an application for permission to appeal, his conviction became final on that date and the running of the § 2254 limitations period commenced.[2] As Roberts did not file any collateral challenge to his conviction during the next year, the one-year limitations period expired on July 9, 2002.[3] This petition was purportedly signed on August 8, 2006 and, even if it was deemed to have been filed on that date, see Houston v. Lack, 487 U.S. 266 (1988); Miller v. Collins, 305 F.3d 491, 497-98 & n.8 (6th Cir. 2002); Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), it would be time barred.

The one-year limitations period applicable to § 2254 motions is subject to equitable tolling. Griffin v. Rogers, 308

---

[1] The sixtieth day fell on Sunday, July 8, 2001, and the Court assumes, for purposes of this order, that Roberts had until the close of the next business day to file a timely application.

[2] Since Roberts did not file an application for permission to appeal to the Tennessee Supreme Court, he could not file a petition for a writ of certiorari with the United States Supreme Court. See S. Ct. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after the entry of the order denying discretionary review.").

[3] Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. In this case, however, an examination of Roberts's claims reveals no basis for concluding that the limitations period commenced at any time later than the date on which his conviction became final.

F.3d 647, 652-53 (6th Cir. 2002); see also Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001) (equitable tolling also applies to § 2255 motions). Five factors determine the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008.[4]

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 F. App'x 793, 795 (6th Cir. 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by

---

[4] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

5

one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamroq, 79 F. App'x 110, 112 (6th Cir. 2003); Harrison v. I.M.S., 56 F. App'x 682, 685-86 (6th Cir. 2003); Miller v. Cason, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 F. App'x 373, 374 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[5]

Roberts appears to argue that he is entitled to equitable tolling because his court-appointed attorney, who represented him at trial and on direct appeal, falsely assured him that he was filing a postconviction petition on his behalf. (D.E. 1 at 13, 20.) He claims he did not learn of the alleged deception until the expiration of all applicable statutes of limitations for seeking collateral relief in both federal and state court. (Id.) The Court will assume, for purposes of this order, that affirmative misrepresentations by a court-appointed attorney may, in an appropriate case, provide a basis for equitable tolling. Cf. Turner v. Baqley, 401 F.3d 718, 726 (6th Cir. 2005) (the failure of

---

[5]     See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

appointed counsel to file a merits brief on direct appeal for several years is attributable to the state).

However, the Petitioner has not established that he acted with diligence once he became aware that no postconviction petition had been filed. Each of the issues presented in this petition was available to Roberts either on direct appeal or during the time for filing a timely postconviction petition. He seems to acknowledge that he received a copy of the decision of the Tennessee Court of Criminal Appeals on direct appeal, and he does not argue that he was unaware of the time limitations for filing a timely state postconviction petition or other application for collateral relief. Roberts also must have been aware, when he read the opinion on direct appeal, that his attorney did not raise issues 2 and 3, yet he contends that he nonetheless relied on that attorney to file a postconviction petition.[6] More than five years elapsed between the decision on direct appeal and the filing of this federal habeas petition. Roberts has not disclosed when he learned of his attorney's purported misrepresentation, and he also has not described the steps he took to inform himself of the status of the postconviction petition he assumed to have been filed. This lack of

---

[6] Although the Court makes no factual finding as to the truth of Roberts's subjective belief that his appointed attorney would file a postconviction petition, it seems incongruous that Roberts would rely on his trial counsel for that service in light of the fact that the only issues to be raised in such a petition involve the alleged ineffectiveness of that attorney.

diligence precludes him from obtaining the benefit of equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418-19 (2005).

The Court GRANTS Respondent's motion to dismiss the petition as time barred.[7]

## IV. APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district

---

[7] Moreover, although not raised in Respondent's motion to dismiss, the petition is also subject to dismissal because Roberts has not exhausted his claims in state court, as required by 28 U.S.C. § 2254(b)(1). Although Roberts has stated that he did not learn of his attorney's failure to file a postconviction petition until the expiration of all limitations period, the case cited appended to Roberts's petition suggests that he may be entitled to equitable tolling of these state statutes of limitations if the facts are as he has represented them to be. Michon v. State, No. M2001-00343-CCA-R3-PC, 2002 Tenn. Crim. App. LEXIS 23 (Tenn. Crim. App. Jan. 4, 2002) (D.E. 1 at 21-23). Roberts has not explained why he did not attempt to file a postconviction petition in light of that decision.

judges may issue certificates of appealability under the AEDPA). No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court has cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist

>     of reason might agree, after the COA has been granted and
>     the case has received full consideration, that petitioner
>     will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[8]

In this case, there can be no question that this petition is time barred. Because any appeal by Petitioner on any of the issues raised in this petition does not deserve attention, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a habeas case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App.

---

[8] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

10

P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order.

IT IS SO ORDERED this 13th day of June, 2007.

    s/ J. DANIEL BREEN
    UNITED STATES DISTRICT JUDGE